IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:22-CR-00060-M
Case No. 4:24-CV-00015-M

ANDREW POTTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the United States' Motion to Dismiss Petitioner's Section 2255 Petition to vacate, set aside, or correct his sentence (the "Petition") [DE 52]. The Petition raises three challenges to Petitioner's conviction, all of which center on the constitutionality of the statute under which he was convicted, 18 U.S.C. § 922(g)(1). *See* DE 45 at 4 (contending that statute is unconstitutional as applied to Petitioner), 5 (asserting that Petitioner received ineffective assistance of counsel because he was not advised that statute was unconstitutional), 7 (raising alleged due process violation on the grounds that court had no "jurisdiction to impose sentence" on Petitioner because he retained constitutional right to bear arms). Given the scope of the Petition, the court previously "defer[red] consideration of the United States' Motion and the Petition pending a decision from the United States Court of Appeals for the Fourth Circuit in *United States v. Canada*." DE 57 at 1. The Fourth Circuit has since issued that decision, as well as another decision that bears on the legal issue presented by the Petition. *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024); *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024). Accordingly, this matter is ready for decision, and the court finds that the Petition, the

1

United States' Motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' Motion to Dismiss is granted and the Petition is denied.

## I. Introduction

In June 2022, law enforcement in Pamlico County, North Carolina responded to call that an individual was overdosing in a vehicle. DE 31 at 4. Officers found Petitioner, who had an extraditable warrant out of Maryland, inside of the vehicle. *Id.* They administered several doses of Narcan, at which point Petitioner regained consciousness and refused further treatment. *Id.* When officers informed Petitioner that he was under arrest, Petitioner attempted to flee. *Id.* Petitioner was quickly apprehended, and officers found a semiautomatic handgun and a quantity of methamphetamine on his person. *Id.*

Petitioner's criminal history includes twelve prior felony convictions, including for discharging a weapon into occupied property, second-degree kidnapping, robbery with a dangerous weapon, and first-degree burglary. *Id.* at 6-10. Given that history, Petitioner was indicted for possession of a firearm as a felon. DE 1. He later entered a plea of guilty. DE 25. The court sentenced Petitioner to 80 months in custody, DE 40, and Petitioner did not appeal his sentence, *see* DE 45 at 4-7.

## II. Governing Law

Section 2255 provides that habeas relief should be awarded when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has made this showing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial

2

or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

## III. Analysis

The Petition's three related arguments are all foreclosed by the Fourth Circuit's decisions in *Canada* and *Hunt*. In *Canada*, the Fourth Circuit concluded that "Section 922(g)(1)," the statute underlying Petitioner's conviction, "is facially constitutional." *Canada*, 123 F.4th at 161. And in *Hunt*, the Fourth Circuit reaffirmed that "a person who has been convicted of a felony cannot make out a successful as-applied challenge to Section 922(g)(1) 'unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful.'" *Hunt*, 123 F.4th at 700 (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)). The *Canada* and *Hunt* Courts reached their respective conclusions with full consideration of recent relevant Supreme Court precedent, including *New York State Rifle & Pistol Ass'n, Inc.*

*v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). *See Canada*, 123 F.4th at 160-61; *Hunt*, 123 F.4th at 702 (concluding that "neither *Bruen* nor *Rahimi* abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)"). *Canada* and *Hunt* thus control this court's analysis.

The Petition does not attempt to argue that Petitioner has been pardoned or that his (multiple) crimes of conviction have been found unconstitutional or are otherwise unlawful. *See* DE 45 at 1-12. "Therefore, based on *Hunt*, Petitioner's as-applied challenge [] fails." *Glover v. United States*, No. 1:20-CR-500-1, 2025 WL 746538, at *2 (M.D.N.C. Feb. 12, 2025), *recommendation adopted*, No. 1:20-CR-500-1, 2025 WL 745083 (M.D.N.C. Mar. 7, 2025); *see also United States v. Mayers*, No. 23-4519, 2025 WL 671469, at *1 (4th Cir. Mar. 3, 2025) (citing *Hunt* and reiterating that "§ 922(g)(1) convictions are not susceptible to as-applied Second Amendment challenges"); *United States v. Bever*, No. 23-4521, 2025 WL 702082, at *1 (4th Cir. Mar. 5, 2025) ("*Hunt* forecloses [an] as-applied challenge"); *Vincent v. United States*, No. 2:22-CR-28, 2025 WL 408666, at *2 (E.D. Va. Feb. 5, 2025) ("In light of *Hunt*, it is clear that Petitioner cannot demonstrate that . . . § 922(g)(1) is unconstitutional as applied to him"); *United States v. Nolan*, No. 3:24-CR-179, 2025 WL 422598, at *2 (E.D. Va. Feb. 6, 2025) (describing constitutional challenges to Section 922(g)(1) as "squarely foreclosed by binding [Fourth Circuit] precedent"); *United States v. Holbert*, No. 3:24-CR-105, 2025 WL 242537, at *3 (E.D. Va. Jan. 19, 2025) (concluding that *Hunt* "closed the door to any as-applied challenge").

Likewise, Petitioner's claim that he received ineffective assistance of counsel because his counsel "failed to correctly interpret the law and gun regulations" is subject to dismissal, DE 45 at 5, because "[a]ny as-applied challenge raised by counsel would have [] failed," *Lowery v. United States*, No. 1:22-CR-29-2, 2025 WL 725611, at *2 (M.D.N.C. Feb. 12, 2025), *recommendation*

4

*adopted*, No. 1:22-CR-29-2, 2025 WL 723637 (M.D.N.C. Mar. 6, 2025). Thus, "[i]n light of *Hunt*, it is clear both that Petitioner's counsel did not err and that Petitioner suffered no *Strickland* prejudice from the absence of a motion to dismiss the § 922(g) charge." *Baker v. United States*, No. 2:22-CR-71, 2025 WL 227049, at *5 (E.D. Va. Jan. 16, 2025); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing framework for ineffective assistance of counsel claims, which require showing (1) "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense"); *Marsh v. United States*, Nos. 7:12-CR-138, 7:14-CV-131, 2015 WL 13735426, at *4 (E.D.N.C. Oct. 28, 2015) ("counsel is not deficient in failing to raise a meritless argument"), *recommendation adopted*, 2016 WL 591767 (E.D.N.C. Feb. 12, 2016); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that attorneys are "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel"); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel"); *Lowery*, 2025 WL 725611, at *2 ("For the reasons set out in *Hunt*, any as-applied challenge raised by counsel would have been futile. This means that Petitioner's attorney did not prejudice him by not discussing *Bruen* with him or by failing to raise a claim based on that case.").

Lastly, Petitioner's "due process" argument fails because this court has authority to impose a sentence on a defendant who has admitted his guilt to a valid criminal statute passed by Congress. *See, e.g.*, *Canada*, 123 F.4th at 160-61; *Hunt*, 123 F.4th at 702; *Torres v. Lynch*, 578 U.S. 452, 457 (2016) (explaining that Congress may enact "criminal laws that are connected to one of its constitutionally enumerated powers"); *Williams v. People of State of N.Y.*, 337 U.S. 241, 246 (1949) (recounting that "both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a

5

wide discretion . . . in determining the kind and extent of punishment to be imposed within limits fixed by law"); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) (joining "eight courts of appeals," including the Fourth Circuit, "in upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power").

### IV. Conclusion

Petitioner's three claims all fail as a matter of law. The court thus GRANTS the United States' Motion to Dismiss [DE 52], DENIES Petitioner's Section 2255 Petition [DE 45]. The court further finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 122 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court therefore denies a certificate of appealability.

SO ORDERED this 18th day of March, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE